## Case No. 1,377.
### BEVERLY v. DAVIDSON COUNTY.
[2 Flip. 507.] [1]

Circuit Court, M. D. Tennessee. Oct. Term, 1879.

FEDERAL COURTS—SUITS INVOLVING INSTRUMENTS NOT NEGOTIABLE BY LAW MERCHANT — ACT OF MARCH 3, 1875.

An instrument not a promissory note, not negotiable by the law merchant, even if placed upon that footing by a local statute, is not within the exception of section 1, Act March 3, 1875, [18 Stat. 470,] authorizing suits in the United States circuit courts by assignees of "promissory notes negotiable by the law merchant," irrespectively of the citizenship of the assignors.

At law. This was an act of assumpsit by [Robert D. Beverly] a citizen of Virginia, as the indorsee of certain Davidson county warrants, drawn by the county judge upon the county trustee, in favor of Samuel Donelson, clerk of the criminal court of said county, without the addition of the words, "or order," or, "or bearer," and indorsed by the payee.

R. McP. Smith, for plaintiff, said:

County warrants payable to a party or order, or to a party or bearer, are negotiable promissory notes. Story, Prom. Notes, § 16; Miller v. Thomson, 3 Man. & G. 576; Lyell v. Supervisors of Lapeer Co., [Case No. 8,618;] Fairchild v. Ogdensburgh, etc., R. Co., 15 N. Y. 337; Bull v. Sims, 23 N. Y. 570; Campbell v. Polk Co., 3 Iowa, 469; Steel v. Davis Co., 2 G. Green, 469; Hasey v. White Pigeon Beet Sugar Co., 1 Doug. (Mich.) 193; Crawford Co. v. Wilson, 2 Eng. [7 Ark.] 214; Justices v. Orr, 12 Ga. 137; Kelley v. Mayor, etc., of Brooklyn, 4 Hill, 263. True, these warrants lack the negotiable words; but they are supplied by our Code, § 1957: "Every bill, bond, or note for money, whether sealed or not, and whether expressed to be payable to order, or for value received, or not, shall be negotiable in the same manner as promissory notes."

"The laws which exist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it." Walker v. Whitehead, 16 Wall. [83 U. S.] 317.

Guild & Dodd and Thos. H. Malone, for defendant.

BAXTER, Circuit Judge. Plaintiff's declaration presents a question of jurisdiction which must be met and disposed of at the threshold. He sues on what is familiarly known as a "county warrant;" insists that it is negotiable, and that as assignee thereof, he can, under the act of March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts," etc., maintain his action in this court. His position is correct, pro-

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

vided he can bring his case within the purview of that act. But this is the point in regard to which we think he fails.

The negotiability of written promises to pay money, has been greatly extended by state legislation. The statute of Tennessee may be cited as an example. Here, "bills, bonds and notes for money, whether expressed to be payable to order or bearer, or not," are made negotiable "in the same manner as promissory notes." But the act of 1875 does not profess to confer jurisdiction on the federal courts in favor of assignees of negotiable paper generally, but in favor of assignees of promissory notes negotiable by the law merchant. This law merchant is a distinct branch of jurisprudence as well defined and understood as the law of descent. It prevails in this and in every other enlightened commercial country. In restricting the jurisdiction to assignees of notes negotiable by the law merchant, we must assume that congress intended to convey the meaning which the language of the act clearly imparts. It is not necessary, therefore, that I should pass on the question whether the warrant which is the foundation of this suit, is or is not negotiable under the Tennessee statute, and we purposely decline to express any opinion on that point. But we have no hesitation in holding that it is not negotiable by the law merchant. It follows that this court is without jurisdiction and plaintiff's suit will be dismissed.

NOTE, [from original report.] The supreme court of the state, a few days after this opinion was announced, held at Knoxville, in the case of Camp v. Knox Co., that county warrants, like the one sued on in this case, were not negotiable. See 3 Lea, 199.

---

BEVERLY, (DAVIS v.) See Case No. 3,627.

---

## Case No. 1,378.
### BEVERLY v. HENDERSON.

[Cited in Denny v. Henderson, [Case No. 3,-806.] Nowhere reported; opinion not now accessible.]

---

BEVERLY RUBBER CO., (GOODYEAR v.) See Case No. 5,557.

---

## Case No. 1,379.
### BEVIN v. EAST HAMPTON BELL CO.
[9 Blatchf. 50; 5 Fish. Pat. Cas. 23.] [1]

Circuit Court, D. Connecticut. Sept. 19, 1871.

PATENTS FOR INVENTIONS—ABANDONMENT—WHAT CONSTITUTES—SUCCESSIVE APPLICATIONS — CONTINUITY—QUESTION OF FACT — WITHDRAWAL OF APPLICATION.

1. Where the undisputed acts of an inventor furnish evidence of the abandonment of his in-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. Syllabus is from 5 Fish. Pat. Cas. 23; opinion from 9 Blatchf. 50.]